## IN THE UNITED STATES DISTRICT COURT FOR
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| STARLA KACI SHEFFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:26-cv-00164-UJ |
| ) | |
| MVB BANK, INC. d/b/a CREDIT KARMA, ) | |
| ) | TRIAL BY JURY DEMANDED |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Starla Kaci Sheffield and as her Complaint against the Defendant MVB Bank, Inc. ("MVB"), avers as follows:

## PRELIMINARY STATEMENT

This case arises from the failure of MVB to prevent unauthorized transfers from Plaintiff's checking and savings accounts and failure to properly investigate and credit funds fraudulently extracted from those accounts. Starting in June 2024, Plaintiff's accounts were compromised and unknown individuals were allowed to access her MVB accounts for a series of fraudulent transactions. Plaintiff promptly notified MVB of the fraud shortly after the transactions appeared on her statement. She also submitted multiple written disputes to MVB. MVB initially concluded, without proof and without conducting any reasonable investigation, that the all of the transactions were authorized and not fraudulent. MVB then reopened its investigation in April 2025 at Plaintiff's request and after receipt of additional information. MVB then determined that some of the transactions were fraudulent and issued a partial credit. However, it provided not rational basis for determining that some transfers were fraudulent and others were not. They were all initiated by the unknown individuals who accessed Plaintiff's accounts. Moreover, MVB

unilaterally closed Plaintiff's accounts, thereby blocking her access to the credited funds. MVB also blocked Plaintiff's access to her own funds held in the accounts and refused her request to transfer those funds to another account.

Plaintiff asserts claims under the federal Electronic Funds Transfer Act 15 U.S.C. §§ 1693 *et seq.* (the "EFTA"). She also asserts state law claims all arising from the same set of facts. Plaintiff seeks actual damages, statutory damages, punitive damages, attorneys' fees and costs.

## PARTIES

1. Plaintiff is an adult resident of Houston County, Alabama.

2. Defendant MVB Bank, Inc. is a foreign corporation with its principal place of business outside the State of Alabama. Defendant is referenced to herein as "MVB."

## BACKGROUND FACTS

3. Ms. Sheffield is a special education public school teacher. She resides with and is the caretaker of her elderly father in Columbia, Alabama.

4. At all relevant times, Ms. Sheffield held "Credit Karma" checking and savings accounts. Those accounts were at all relevant times held and managed by MVB. Her MVB checking account is identified with an account number ending in 8202 (hereinafter referred to as the "MVB Checking Account"), and her MVB savings account is identified with an account number ending in 6943 (hereinafter referred to as the "MVB Savings Account").

5. In 2024, Plaintiff fell victim to identity theft through unknown criminals who leaked her personal information on the dark web. As a result, Plaintiff's MVB accounts were compromised and unknown individuals were allowed to access her MVB accounts for a series of fraudulent transactions, starting on June 10, 2024. The fraudulent charges totaled at least $3,895.29.

6. When the charges first appeared on Plaintiff's monthly statement, she promptly

notified MVB of the unauthorized transfers and submitted a dispute.

7. MVB, in response to the disputed transfers, restricted account activity beginning in August 2024 and unilaterally closed both accounts in September. This deprived Plaintiff of access and any ability to protect her remaining funds by transferring them to another account at another bank. In the meantime, MVB continued to allow unauthorized transfers which further drew down the balance of her account and caused MVB to impose fees, including overdraft fees. This denial of access and depletion of funds resulted in a series of hardships suffered by Plaintiff.

8. Then, despite having closed the accounts due to fraudulent activity, MVB notified Plaintiff that it had determined that all the disputed transfers were authorized by Plaintiff. This determination was made without any proper basis and in the absence of any reasonable investigation.

9. Plaintiff subsequently provided additional supporting documentation and further disputed the charges, and she disputed MVB's decision to close her accounts and deny her access to her funds. In response, MVB reopened its investigation in April 2025 and assigned to the dispute the new Dispute ID: 817593.

10. After reopening its dispute, MVB issued some credits having determined that some of the transactions were fraudulent and others were authorized by the Plaintiff. This conclusion was also made without any proper basis. All of the disputed charges were initiated by unknown individuals who accessed Plaintiff's accounts without her knowledge or permission. There is no rational basis for the conclusion that *any* of the transfers were authorized by Plaintiff, or that she benefitted from any of the transactions, much less that some of the transfers were authorized and others were not. The credits issued totaled $619.03, far less than the total amount fraudulently

extracted from Plaintiff's accounts. Moreover, due to MVB's unilateral closing of the account, Plaintiff was deprived access to the credited funds. Also, MVB never corrected its error in wrongfully denying access to Plaintiff's funds.

11. In October 2025, MVB sent a check in the amount of $485.79. That amount did not correspond to any of the disputed charges and failed to compensate Plaintiff for the fraudulent transfers and the errors made by MVB.

## COUNT I
## (VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT)

12. The allegations stated in Paragraphs 1 through 11 above are incorporated as if fully asserted herein.

13. This is a claim asserted against Defendant for violation of the federal Electronic Funds Transfer Act 15 U.S.C. §§ 1693 *et seq.* (the "EFTA").

14. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1639a(6).

15. Defendant is a "financial institution" as that term is defined in 15 U.S.C. § 1639a(9).

16. The transfers of funds from Plaintiff's MVB account ending in 8202 without her knowledge or authority were each an "unauthorized electronic transfer" as that term is defined in 15 U.S.C. § 1693a(12). Those transfers also each constitute an "error" within the meaning of 15 U.S.C. § 1693f(f).

17. The actions taken by MVB to block Plaintiff's access to her funds also constitute an "error" within the meaning of 15 U.S.C. § 1693f(f).

18. Plaintiff provided prompt and reasonable notice to Defendant of the unauthorized transfers and of the errors, including MVP's unlawful blocking of Plaintiff's access to her funds.

4

Plaintiff's notice constitutes notification of error for purposes of 15 U.S.C. § 1693f(a).

19. Pursuant 15 U.S.C. § 1693g, Plaintiff is not liable for any of the unauthorized transfers. She did not initiate, authorize, know about, or benefit from the transactions. Moreover, Plaintiff provided sufficient information to Defendant to establish that she was not liable for the unauthorized transactions.

20. Defendant has not met and cannot meet its burden of establishing that the transactions were authorized by Plaintiff or that Plaintiff benefited from the transactions.

21. Defendant violated the EFTA by failing to permanently credit Plaintiff's account in the amount of the unauthorized transactions.

22. Defendant also violated the EFTA by failing to properly investigate Plaintiff's notices of error pursuant to the error resolution procedures required in 15 U.S.C. § 1693f.

23. Defendant violated the error resolution procedures required in 15 U.S.C. § 1693f in at least the following ways:

    (a) It failed to conduct any reasonable investigation of the errors;

    (b) It failed to provide a written response to the dispute within the time prescribed in Section 1693f; and

    (c) It failed to correct the errors identified by Plaintiff.

24. Defendant also violated the EFTA by failing to provide credit for the unauthorized transactions which it knew or, upon any reasonable investigation, should have known were not authorized by Plaintiff and did not benefit the Plaintiff.

25. Defendant knowingly and willfully concluded that the account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

26. Defendant knowingly and willfully failed to properly investigate the fraudulent activity and credit Plaintiff's account.

27. Defendant failed to timely comply with Plaintiff's instructions to electronically transfer funds out of her accounts and this failure proximately caused her to suffer damage.

28. Defendant's violation of the EFTA occurred within one year prior to the filing of this action.

29. As a proximate result of Defendant's violations of the EFTA, Plaintiff has suffered actual damages, including loss of funds, loss of access to funds, mental and emotional pain, fear, distress and anguish.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

- A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;
- B. Statutory damages pursuant to 15 U.S.C. § 1693m;
- C. Treble damages pursuant to 15 U.S.C. § 1693f(e);
- C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3); and
- E. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT II
### (NEGLIGENCE)

30. Plaintiff realleges and incorporates Paragraphs 1 through 11 as if fully set out herein.

31. Defendant owed duties of reasonable care to Plaintiff at all relevant times. These

include a duty to take reasonable actions to prevent fraudulent electronic transactions, including those made from Plaintiff's account, and to take reasonable actions to ensure that Plaintiff had access to her funds held in her accounts. It also owed a duty to reasonably investigate claims that fraudulent or unauthorized charges were made and that MVP committed errors with respect to her accounts. These duties also include the duty to take reasonable steps to reverse any charge which any reasonable investigation would determine to be fraudulent or unauthorized. Defendant also had a duty to act reasonably in safeguarding the account from unauthorized access and providing Plaintiff with a reasonable and safe means of accessing her funds. These duties arise from the operation of law and from federal statutes and regulations, including the EFTA and its implementing regulations.

32. Defendant breached the duties owed to Plaintiff.

33. Defendant's acts and omissions with respect to the unauthorized and fraudulent transactions made from her MVB Account constitute negligence. Defendant also negligently failed to properly investigate Plaintiff's disputes.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (WANTONNESS)

34. The allegations stated in Paragraphs 1 through 11 above are incorporated as if fully asserted herein.

35. Defendant's actions taken in connection with Plaintiff's account constitute

wantonness. Defendant had a duty by operation of law to take ordinary care to prevent unauthorized electronic transactions out of Plaintiff's account, and to take reasonable actions to ensure that Plaintiff had access to her funds held in her accounts. It also owed a duty to take ordinary care to properly investigate alleged fraudulent transactions and take reasonable measures in response to the fraud. That duty included, but is not limited to, the duty to conduct a reasonable and good faith investigation of the reported fraudulent transactions and to provide credit for those transactions in the absence of any credible evidence that the transactions were in fact authorized. Moreover, Defendant had a duty to act reasonably in safeguarding the account from unauthorized access and in providing Plaintiff with a reasonable and safe means of accessing her funds.

36. Defendant wantonly failed to perform its duties with respect to Plaintiff's account and her disputes. Defendant's acts and omissions described herein were made in dereliction of its legal duties and with wanton, reckless or conscious disregard for the Plaintiff's rights and well-being.

37. Plaintiff has suffered damage as a proximate result of the wantonness of Defendant.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
### (CONVERSION)

38. The allegations stated in Paragraphs 1 through 11 above are incorporated as if fully asserted herein.

39. MVP's wrongful denial of Plaintiff's access to identified funds held in her checking

and savings accounts constitutes conversion.

40. Plaintiff has suffered damage as a proximate result of the Defendant's conversion of Plaintiff's funds.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for conversion and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

Respectfully submitted this the 13th day of March, 2026.

_____
KENNETH J. RIEMER (RIEMK8712)
RIEMER LAW, LLC
*Attorney for Plaintiff*
1610 Government Street
Mobile, AL  36604
Telephone: (251) 432-9212
E-mail: KJR@Riemer-Law.com

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

**MVB Bank, Inc.**
c/o Corporation Service Company
100 Shockoe Slip Fl 2
Richmond, VA 23219-4100